DOWNES v. THE UNION CONGREGATIONAL SOCIETY IN FRAN-
CESTOWN.

Where a church organ was bought with funds raised by voluntary sub-
scription, whether the property shall remain in the contributors, or pass
by gift to the church or society, depends upon the intention of the con-
tributors.
On that question the person who obtained the subscriptions may testify
as to the purpose for which he obtained them.

TROVER, for a church organ. The cause was tried by a referee,
who made a general report in favor of the plaintiff, and stated facts
for the opinion of the court as to whether there was competent evi-
dence of title in the plaintiff to maintain the action. The plain-
tiff introduced a deed duly executed by the deacons of the church,
dated October 12, 1882, whereby, for a valuable consideration, the
Congregational church of Francestown sold, transferred, and as-
signed the organ to him. The defendants claimed that the organ
belonged to them at the time of the execution of the above instru-
ment; and whether it did or not was the main question tried. The
church was established in 1773. The defendants were organized
under the name of the Union Congregational Society in Frances-
town, in 1827. The history and relations of the two organizations
are given at some length in the report, but are not material to be
stated here.

In the early part of 1873, the members of the church and society,
as well as many citizens of the town not members of either, became
desirous that a new organ should be obtained for use in place of the
old one. A paper was accordingly drawn up by a member of the
church in the words following:

"We severally promise to pay the sums subscribed to our name,
to aid in buying a new organ for the Union Congregational Church
of Francestown."

This paper was circulated among the members of the church and
society and citizens generally by Mrs. Elias Wilson, a member of
the church, who obtained upon it thirty-nine names, with sums vary-
ing from fifty cents to one hundred dollars, amounting in the whole
to $565.50. Of these names, twenty were members of both the
church and society; eight were members of the church, but not of
the society; six were members of the society, but not of the church;
and five were members of neither. Mrs. Wilson testified that she
obtained the subscriptions for the purpose of purchasing an organ
for the church organization, and not for the society.

With this money, and $363.63 raised by entertainments got up
by ladies for that purpose, and $226.93 of money and time expended
by the plaintiff in the matter which has not been repaid to him,
the organ was bought and set up in the meeting-house, which was

the property of the defendants, and was altered by them at an expense of $555 to receive it. It has been there ever since.

The defendants objected to the admission of the subscription paper, and to the testimony of Mrs. Wilson.

*C. H. Burns*, for the plaintiff.

*E. H. Woodman* and *W. L. Foster*, for the defendants.

CARPENTER, J. The deacons of a church are a body corporate. They take as trustees any property given to the church, and with its consent may convey the same. G. L., *c.* 153, *ss.* 6 and 9. If the organ belonged to the church, it was properly conveyed to the plaintiff. The principal question is, whether upon the facts and evidence reported it was competent for the referee to find that the organ was, prior to the conveyance to the plaintiff, the property of the church. It was purchased with funds raised by the voluntary contributions of individuals; and whether as a gift to the church, or to the society, or for the use merely of the one or of the other, the property remaining in the contributors, depends upon the intention of those who contributed. There was evidence upon which the referee might find an intention to give it to the church.

The testimony of Mrs. Wilson, one of the contributors, was competent. When the intention of the parties to a transaction is material, they may testify to it directly. *Graves* v. *Graves*, 45 N. H. 323; *Hale* v. *Taylor*, 45 N. H. 406. The subscription paper was competent. It declared the purpose for which the money was given. It was a declaration accompanying and explaining the act of subscribing or giving, and as a part of the *res gestæ* competent evidence, not only as against the subscribers, but as against everybody.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.